IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> O'NEILL BROS. TRANSFER & STORAGE CO., <br><br> Defendant. | No. 07 C 5220 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for summary judgment. For the reason stated below, we grant Plaintiffs' motion for summary judgment.

## BACKGROUND

Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Fund") and Plaintiff Howard McDougall ("McDougall") allege that the Fund is a multi-employer pension plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* McDougall is allegedly a trustee of the Fund. Plaintiffs allege that Defendant O'Neill Bros. Transfer & Storage Co. ("O'Neill Company") was subject to one or more collective bargaining

1

agreements under which O'Neill Company required to make contributions to the Fund on behalf of certain of its employees. According to Plaintiffs, on February 3, 2007, O'Neill Company affected a complete withdrawal from the Fund and ceased to have an obligation to continue to contribute to the Fund. On February 8, 2007, counsel for O'Neill Company allegedly informed the Fund that O'Neill Company was "preparing for its termination and liquidation." (A. Compl. Par. 13). According to Plaintiffs, the pension plan at issue ("Plan") provided that in the event of a liquidation or dissolution by an employer, the Fund could demand immediate and total discharge of liability owed to the Fund.

Plaintiffs claim that, in accordance with 29 U.S.C. § 1381(b), O'Neill Company had a withdrawal liability of $1,263,855.07 and the Fund notified O'Neill Company of the liability in May 2007. In August 2007, the Fund allegedly notified O'Neill Company that the revised liability of O'Neill Company was $1,689,191.36. Plaintiffs contend that O'Neill Company has failed to pay the monies owed to the Fund and have brought the instant action pursuant to provisions of ERISA. Also, since the initiation of the instant action, the parties have begun arbitration proceedings ("Arbitration") regarding this matter. Plaintiffs continue to seek payment during the pendency of the Arbitration. O'Neill Company has not challenged Plaintiffs' contention that O'Neill Company has outstanding liability owed to Plaintiffs, but has argued that the matter is in arbitration and further that any payments it should be required to make should be interim payments. On April 2, 2008, we denied O'Neill Company's motion to dismiss. On October 21, 2008, we

denied Plaintiffs' motion for summary judgment since we did not have information whether they had provided O'Neill Company with a periodic payment schedule. Plaintiffs have now provided such a schedule and we reinstate Plaintiffs' motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of

material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

In bringing the motion for summary judgment, Plaintiffs argued that they are entitled to a lump sum payment of all outstanding withdrawal liability. The Seventh Circuit has provided that "[w]hile the arbitration proceeds, the employer must either pay the whole sum or make periodic payments in an amount determined by the trustees." *Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 116 (7th Cir. 1991). The court inquired as to whether Plaintiffs were willing to offer O'Neill Company a periodic payment schedule as determined by Plaintiffs. The court gave the parties an opportunity to file memorandums indicating their positions in this regard.

The parties filed memorandums and Plaintiffs have provided O'Neill Company with a proposed periodic payment schedule with the first payment to be on April 5, 2009. O'Neill Company, in effect, has rejected the proposed payment

schedule. The Seventh Circuit has indicated that, "Section 1399(c)(2) calls on the employer to pay 'notwithstanding' contentions that may prevail in the end." *Trustees*, 935 F.2d at 118. In response to Plaintiffs' motion for summary judgment, O'Neill Company initially admitted only that it had ceased doing business. (R SF Par. 8). O'Neill Company denied that it informed Plaintiff that O'Neill Company was preparing for its termination and liquidation. (R SF Par. 8). However, Plaintiffs inform the court in their most recent filing that O''Neill Company has now ceased all operations and has liquidated its assets. (P Mem. 5). There is thus an immediate and compelling need for O'Neill Company to provide a lump sum payment to Plaintiffs at this juncture to protect such funds. *Trustees*, 935 F.2d at 118-19 (explaining that "[a]lthough [a] trust bears substantial risk if the employer holds the stakes pending final resolution, the employer faces no corresponding risk if the fund holds the stakes" since "[p]ension trusts are solvent, diversified, regulated institutions"). Plaintiffs have shown that there are no genuinely disputed material facts relating to their claim in this action. Therefore, we grant Plaintiffs' motion for summary judgment. O'Neill Company requests attorneys' fees as a prevailing party and a return of interim payments already made to Plaintiffs. O'Neill Company has not shown that it is a prevailing party or that such relief is warranted and the requests are denied.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion for summary judgment. We also deny O'Neill Company's request for attorneys' fees and the return of payments.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 1, 2009